**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ALEX IS THE BEST, LLC, | ) )  |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. _____ |
| AMAZON.COM. INC. and AMAZON WEB SERVICES, LLC | ) ) **TRIAL BY JURY DEMANDED** ) ) |
| Defendants. | ) ) ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Alex is the Best, LLC ("AITB"), by and through its undersigned counsel, brings this action against Amazon.com, Inc. ("Amazon.com") and Amazon Web Services, LLC ("AWS") (collectively "Amazon" and/or "Defendants"). In support of this Complaint, AITB alleges as follows:

**NATURE OF THE SUIT**

1. This is an action for patent infringement for patent infringement under the Patent Laws of the United States of America, 35 U.S.C. § *et seq.*, including 35 USC 271.

**THE PARTIES**

2. Plaintiff AITB is a limited liability company organized under the laws of the state of New York with its principal place of business at 75 82nd St., Brooklyn, New York 11209.

3. On information and belief, Amazon.com is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109-5210. Amazon.com can be served with process through its agent Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

4. On information and belief, AWS is a Delaware limited liability corporation with its principal place of business at 410 Terry Ave, North Seattle, Washington, 98109. It may be served by process through its Delaware Registered Agent: Corporation Service Company, 2711 Centerville Rd, Ste. 400, Wilmington, Delaware 19808.  AWS is a wholly owned subsidiary of Amazon.com.

5. Defendants are in the business of making, using, selling, offering for sale and/or importing network-enabled image capturing devices.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28U.S.C. §§1331 and 1338(a) because the action arises under the patent laws of the United States, 35 U.S.C. §§1 et seq.

7. This Court has personal jurisdiction over Defendants by virtue of their systematic and continuous contacts with this jurisdiction, as well as because of the injury to AITB and the cause of action AITB has raised, as alleged herein.

8. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long-Arm Statute, due to at least its substantial business in this forum, including: (i) at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in this District.

9. Each defendant has conducted and does conduct business within this District, directly or through intermediaries, resellers, agents, or offer for sale, sell, and/or advertise

(including the use of interactive web pages with promotional material) products in this District that infringe the Asserted Patents.

10. In addition to Defendants' continuously and systematically conducting business in this District, the causes of action against Defendants is connected (but not limited) to Defendants' purposeful acts committed in this District, including Defendants making, using, importing, offering for sale, or selling products which include features that fall within the scope of at least one claim of the Asserted Patents.

11. Venue lies in this District under 28 U.S.C. §§1391 and 1400(b) because, among other reasons, each Defendant is subject to personal jurisdiction in this District, and has committed and continues to commit acts of patent infringement in this District. For example, Defendants have used, sold, offered for sale, and/or imported infringing products in this District.

## JOINDER

12. Defendants are properly joined under 35 U.S.C. §299(a)(1) because a right to relief is asserted against the parties jointly, severally, and in the alternative with respect to the same transactions, occurrences, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, and/or selling the same accused products. Specifically, as alleged in detail below, Defendants are alleged to infringe the Asserted Patents with respect to the same image capturing devices including, but not limited to, the Kindle Fire HD 8.9" Wi-Fi + 4G LTE.

13. Defendants are properly joined under 35 U.S.C. §299(a)(2). Questions of fact will arise that are common to both defendants, including for example, whether Defendants' products have features that meet the features of one or more claims of the Asserted Patents, and

what reasonable royalty will be adequate to compensate the owner of the Asserted Patents for its infringement.

14. Defendants use, make, sell, offer for sale and/or import portable computing devices that, when used, infringe on the Asserted Patents.

15. At least one right to relief is asserted against these parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product and/or process.

## THE PATENTS-IN-SUIT

16. There are two patents at issue in this action: United States Patent Nos. 8,134,600 (the "'600 Patent") and 8,477,197 (the "'197 Patent") (collectively, the "Asserted Patents").

### *The '600 Patent*

17. On March 13, 2012 the USPTO duly and legally issued the '600 Patent, entitled "Internet Direct Device" after a full and fair examination to inventors Frank Clemente and Ted Feaser. AITB is presently the owner by assignment of the '600 Patent, having received all rights, title, and interest in and to the '600 Patent. AITB possesses all rights of recovery under the '600 Patent, including the exclusive right to recover for past infringement. A true and correct copy of the '600 Patent is attached to this Complaint as Exhibit A.

### *The '197 Patent*

18. On July 2, 2013 the USPTO duly and legally issued the '197 patent, entitled "Internet Direct Device" after a full and fair examination to inventors Frank Clemente and Ted Feaser. AITB is presently the owner by assignment of the '197 Patent, having received all rights, title, and interest in and to the '197 Patent. AITB possesses all rights of recovery under

the '197 Patent, including the exclusive right to recover for past infringement. A true and correct copy of the '197 Patent is attached to this Complaint as Exhibit B.

## DESCRIPTION OF THE ACCUSED PRODUCTS

19. Amazon's network-enabled image-capturing devices (hereinafter, "Image-capturing Devices"), including but not limited to the Kindle Fire HD 8.9" Wi-Fi + 4G LTE, are configured to take still and video images. Amazon's Image-capturing Devices are configured to transmit and receive still and video images to and from other Image-capturing Devices, as well as a website application, on which still and video images captured by the Image-capturing Devices can be stored and managed.

20. For example, one such website application that allows users to store and manage still and video images captured by Image-capturing Devices is Amazon Cloud Drive.

21. The Kindle Fire HD 8.9" Wi-Fi + 4G LTE is an Internet direct device as it allows the user to access the Internet through a variety of connections, including but not limited to Wi-Fi and 4G LTE. Thus, the Kindle Fire HD 8.9" Wi-Fi + 4G LTE is an Internet direct device with an imaging system to capture still or video images.

## COUNT I
## (INFRINGEMENT OF THE '600 PATENT)

22. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-21.

23. In violation of 35 U.S.C. § 271, Amazon is now, and has been directly infringing and/or inducing infringement of the '600 Patent.

24. Amazon has had knowledge of infringement of the '600 Patent at least as of the service of the present complaint.

25.     Amazon has directly infringed and continues to directly infringe at least claim 1 of the '600 Patent by making, using, importing, offering for sale, and/or selling Image-capturing Devices without authority in the United States, and will continue to do so unless enjoined by this Court.  As a direct and proximate result of Amazon's direct infringement of the '600 Patent, Plaintiff has been and continues to be damaged.

26.     Amazon has indirectly infringed and continues to indirectly infringe at least claim 1 of the '600 Patent by actively inducing their respective customers, users, and/or licensees to directly infringe by using, selling, offering to sell and/or Image-capturing Devices. Amazon engaged or will have engaged in such inducement having knowledge of the '600 Patent.  Furthermore, Amazon knew or should have known that its action would induce direct infringement by others and intended that its actions would induce direct infringement by others. For example, Amazon sells, offers for sale and advertises Image-capturing Devices in Delaware specifically intending that its customers buy and use said products.  As a direct and proximate result of Amazon's indirect infringement by inducement of the '600 Patent, Plaintiff has been and continues to be damaged.

27.     To the extent that facts learned in discovery show that Amazon's infringement of the '600 Patent is or has been willful, AITB reserves the right to request such a finding at the time of trial.

28.     As a result of Amazon's infringement of the '600 Patent, AITB has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Amazon's past infringement, together with interests and costs.

29.     AITB will continue to suffer damages in the future unless Amazon's infringing activities are enjoined by this Court.  As such, AITB is entitled to compensation for any

continuing or future infringement up until the date that Amazon is finally and permanently enjoined from further infringement.

## COUNT II
## (INFRINGEMENT OF THE '197 PATENT)

30. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-29.

31. In violation of 35 U.S.C. § 271, Amazon is now, and has been directly infringing and/or inducing infringement of the '197 Patent.

32. Amazon has had knowledge of infringement of the '197 Patent at least as of the service of the present complaint.

33. Amazon has directly infringed and continues to directly infringe at least claim 1 of the '197 Patent by making, using, importing, offering for sale, and/or selling Image-capturing Devices without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Amazon's direct infringement of the '197 Patent, Plaintiff has been and continues to be damaged.

34. Amazon has indirectly infringed and continues to indirectly infringe at least claim 1 of the '197 Patent by actively inducing their respective customers, users, and/or licensees to directly infringe by using, selling, offering to sell and/or importing Image-capturing Devices. Amazon engaged or will have engaged in such inducement having knowledge of the '197 Patent. Furthermore, Amazon knew or should have known that its action would induce direct infringement by others and intended that its actions would induce direct infringement by others. For example, Amazon sells, offers for sale and advertises integrated Image-capturing Devices in Delaware specifically intending that its customers buy and use said products. As a

direct and proximate result of Amazon's indirect infringement by inducement of the '197 Patent, Plaintiff has been and continues to be damaged.

35.   To the extent that facts learned in discovery show that Amazon's infringement of the '197 Patent is or has been willful, AITB reserves the right to request such a finding at the time of trial.

36.   As a result of Amazon's infringement of the '197 Patent, AITB has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Amazon's past infringement, together with interests and costs.

37.   AITB will continue to suffer damages in the future unless Amazon's infringing activities are enjoined by this Court.  As such, AITB is entitled to compensation for any continuing or future infringement up until the date that Amazon is finally and permanently enjoined from further infringement.

## DEMAND FOR JURY TRIAL

38.   AITB demands a trial by jury as to all issues that are triable by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, AITB prays for the following relief:

A.   That Defendants be adjudged to have infringed the Asserted Patents, directly and/or indirectly, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents;

B.   That Defendants, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently enjoined from infringing the Asserted Patents;

C. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate AITB for the Defendants' past infringement and any continuing or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement, including compensatory damages;

D. An assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

E. That Defendants be directed to pay enhanced damages, including AITB's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

F. That AITB have such other and further relief as this Court may deem just and proper.

October 18, 2013

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
Sara E. Bussiere (sb5725)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
sbussiere@bayardlaw.com
(302) 655-5000

*Attorneys for Plaintiff  Alex is the Best, LLC*